# Exhibit "A"

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

REGENE BRANTLEY,

                Plaintiff,                                 Case No.:  20-              -NO

vs.                                                      HON.

WALMART, INC.,

                Defendant.

_____/

**CARY M. MAKROUER (P26831)**
**REMA W. DASSOUKI (P82962)**
THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys for Plaintiff
1000 Town Center, Suite 500
Southfield, MI 48075-1221
248-354-2222 (FAX-2323)
cmakrouer@thurswell.com
_____/

*There is no other pending or resolved civil action arising*
*out of the transaction or occurrence alleged in the Complaint.*

### COMPLAINT

**NOW COMES** the Plaintiff, REGENE BRANTLEY, by and through her attorneys,

THE THURSWELL LAW FIRM, P.L.L.C., and for her Complaint states as follows:

### JURISDICTION

1. Plaintiff is a resident of the City of Melvindale, County of Wayne, State of Michigan.

2. Defendant, WALMART, INC. (herein referred "WALMART") is a Foreign Profit Corporation, and at all relevant times was doing business as Walmart Taylor Supercenter at 7555 Telegraph Road, Taylor, Michigan 48180, in the County of Wayne, State of Michigan.   Defendant's resident agent for service of

1

01/20/2020

process is The Corporation Company, located at 40600 Ann Arbor Road, E., Suite 201, Plymouth, Michigan 48170.

3. The incident occurred in Wayne County at Defendant Walmart's store located at 7555 Telegraph Road, Taylor, Michigan 48180.

4. The amount in controversy exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00).

5. Jurisdiction and venue are proper within this Honorable court.

## COUNT I:
## PREMISES LIABILITY

6. Plaintiff re-alleges paragraphs 1 through 5 as though stated line by line and paragraph by paragraph.

7. On or about March 20, 2019, at approximately 4:00 a.m., Plaintiff was a patron of the Defendant store and was therefore an invitee lawfully on the premises.

8. On or about the same date and location, Defendant, WALMART, was the owner, operator, manager, or otherwise in control of the premises.

9. When Plaintiff was injured at Defendant's premises, Plaintiff was without any knowledge of the dangerous and unsafe **condition** of Defendants' premises.

10. At the above place and on the same date, Plaintiff was injured when she slipped and fell on plastic on the floor and struck her face on a shelf, as a direct and proximate result of, including but not limited to, Defendant's failure to adequately warn Plaintiff of the condition or failure to make the condition reasonably safe by maintaining the store and keeping the aisles free of debris.

11. On or about said date at said time, Defendants owed duties to Plaintiff to maintain Defendants' premises as a reasonably prudent person would do under same or similar

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

01/20/2020

circumstances, and in accordance with the common law, statutes, including but not limited to MCL 554.139, and ordinances in such case made and provided, but violated said duties in at least one or more of the following particulars, so far as it is presently known:

   A.   After knowing of the dangerous and hazardous conditions existing on Defendants' premises, failed to correct same and/or warn of the dangerous condition.

   B.   Failed to make reasonable and proper inspections for dangerous and/or hazardous conditions existing on Defendants' premises.

   C.   Failed to repair, maintain, remove and/or correct and/or warn of any hazardous and/or dangerous conditions, of which the Defendants, had knowledge, or should have had knowledge, by a reasonable and proper inspection.

   D.   Failed to warn of the dangerous and/or hazardous conditions on Defendants' premises.

   E.   Failed to provide a safe and suitable place for Plaintiff.

   F.   Failed to observe all the duties of care imposed upon Defendants by the statutes of the State of Michigan, Ordinances of the City of Taylor, and the common law in such case made and provided.

   G.   Failed to keep the floor in its common areas free from debris.

   H.   Others to be determined as discovery reveals.

12. Plaintiff sustained personal injuries as a direct and proximate result of Defendants' negligence as alleged herein.

13. As a direct and proximate result of the negligence of Defendants as aforesaid, the injured Plaintiff:

   A.   Sustained severe bodily injuries which were painful, disabling and necessitated medical care.

   B.   In addition thereto, said Plaintiff suffered shock and emotional damage, disability, pain and suffering, emotional damage, disfigurement, medical expenses in the past, present and future.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

3

C. Possible aggravation of pre-existing conditions and/or reactivation of dormant conditions.

D. Was unable to attend to his usual affairs and render services as formerly.

E. Hampered said Plaintiff in the enjoyment of the normal pursuit of life as before.

F. Said injuries are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of the negligence as hereinbefore alleged.

G. Plaintiff sustained and will continue to sustain wage loss.

H. All of said injuries and damages are or may be continuing and permanent.

I. Plaintiff has been compelled to expend and become obligated for large sums of money for medical care and treatment, and in the future, may be required to expend and become obligated for large sums of money for medical care, attention and supplies for treatment and aforesaid injuries which she sustained.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award damages in her favor and against Defendant in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT II:
## ORDINARY NEGLIGENCE

14. Plaintiff re-alleges paragraphs 1 through 13 as though stated line by line and paragraph by paragraph.

15. Defendant WALMART had a duty to exercise reasonable care to provide a safe place for patrons such as Plaintiff and other similarly situated, and to exercise reasonable care in the operation and maintenance of said premises so as to prevent injury to its patrons.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

4

01/20/2020

16. Further, Defendant, WALMART, had a duty toward Plaintiff and other patrons of said premises, to make inspections and warn Plaintiff and other patrons of dangers of which it knew, or should have known.

17. Notwithstanding said duties, Defendant breached them in the following particulars:

    A. Failing to provide a safe environment for patrons and failing to provide safe aisles to walk through;

    B. Failing to maintain its aisles, i.e. failing to remove debris from its aisles;

    C. Failing to make proper inspections of its premises, including failing to inspect the aisles;

    D. Failing to take precautionary measures to correct or alleviate the unsafe condition created by plastic on the floor;

    E. Failing to inspect said premises for dangerous conditions and failing to warn Plaintiff and others similarly situated of the unsafe condition after such time as Defendant knew, or could reasonably have known of the unsafe condition;

    F. Failing to warn Plaintiff and other patrons of the condition that caused Plaintiff's injury;

    G. Creating a dangerous condition by improperly maintaining the premises;

    H. Violation of local ordinance; and

    I. Performing other acts of negligence not yet known by Plaintiff, but which will be ascertained during the discovery of said litigation.

18. As a direct and proximate result of the negligence of Defendant, Plaintiff struck her face and chin and sustained injuries, including but not limited to, chipped tooth, facial swelling, puncture inside of lip, contusions and abrasions.

19. As a further direct and proximate result of the aforementioned acts and omission of the Defendant, WALMART, Plaintiff has suffered and will continue to suffer

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

5

01/20/2020

pain, humiliation, embarrassment, mental anguish, fright, shock, disability, loss of enjoyment of life, gross indignity and inconvenience because of the permanent nature of said injuries; she has suffered or may yet suffer aggravation or activation of a pre-existing condition; she has suffered both wage loss and impairment of her earning capacity due to the permanent nature of her injures.

20. That as a further result of Defendant's negligence, Plaintiff has suffered damages as previously stated herein.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, WALMART, for damages in whatever amount in excess of Twenty-Five Thousand Dollars ($25,000.00) she is deemed to be entitled, together with costs, interest and attorney fees.

THE THURSWELL LAW FIRM, P.L.L.C.

BY:   */s/ Cary M. Makrouer*
CARY M. MAKROUER (P-26831)
REMA W. DASSOUKI (P-82962)
Attorneys for Plaintiff
1000 Town Center, Suite 500
Southfield, MI   48075-1221
(248) 354-2222 (2323-FAX)
cmakrouer@thurswell.com

DATED:        January 8, 2020

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan  48075-1221
(248) 354-2222

01/20/2020

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

REGENE BRANTLEY,

        Plaintiff,

vs.

WALMART, INC.,

        Defendant.

Case No.:  20-        -NO

HON.

_____/

**CARY M. MAKROUER (P26831)**
**REMA W. DASSOUKI (P82962)**
THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys for Plaintiff
1000 Town Center, Suite 500
Southfield, MI 48075-1221
248-354-2222 (FAX-2323)
cmakrouer@thurswell.com
_____/

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan  48075-1221
(248) 354-2222

## **DEMAND FOR JURY TRIAL**

    Plaintiff, by and through her attorneys, THE THURSWELL LAW FIRM, P.L.L.C.,

hereby formally demands a trial by jury of the within cause.

            THE THURSWELL LAW FIRM, P.L.L.C.

            BY:   */s/ Cary M. Makrouer*
            CARY M. MAKROUER (P-26831)
            REMA W. DASSOUKI (P-82962)
            Attorneys for Plaintiff
            1000 Town Center, Suite 500
            Southfield, MI  48075-1221
            (248) 354-2222 (2323-FAX)
            cmakrouer@thurswell.com

DATED:     January 8, 2020

01/20/2020