UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<small>EGENE</small> B<small>RANTLEY</small>,

    Plaintiff,

    v.

W<small>ALMART</small>, I<small>NC</small>.,

    Defendant.

_____/

Case No. 20-cv-10432

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S NOTICE OF NON-PARTY FAULT [#5]

### I. I<small>NTRODUCTION</small>

On January 8, 2020, Plaintiff Regene Brantley filed the instant action against Defendant Walmart, Inc. ("Walmart") in Wayne County Circuit Court. ECF No 1-2, PageID.9. Defendant timely removed the action to this Court on February 19, 2020. *See* ECF No. 1. Plaintiff alleges that she sustained serious injuries after falling inside one of Defendant's stores located in Taylor, Michigan. *See* ECF No. 1-2, PageID.9. She brings two Michigan state law claims against Defendant for premise liability and ordinary negligence. *Id.* at PageID.10-14.

Presently before the Court is Plaintiff's Motion to Strike Defendant's Notice of Non-Party Fault, filed on July 28, 2020. ECF No. 5. Defendant filed the underlying Notice of Non-Party Fault on May 19, 2020. ECF No. 2. Defendant

1

filed its Response in Opposition to Plaintiff's present Motion on August 11, 2020. ECF No. 6. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons that follow, the Court will **GRANT** Plaintiff's Motion to Strike Defendant's Notice of Non-Party Fault [#5]. The Court will allow Defendant the opportunity to cure its deficiencies and file a more definite statement within 14 days.

## II. DISCUSSION

Motions to strike are generally controlled by Federal Rule of Civil Procedure 12(f). Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Michigan law, courts must apportion damages based on percentage of fault for tort actions seeking personal injury damages. *See* Mich. Comp. Laws §§ 600.6304, 600.2957. This determination must occur "regardless of whether such persons were or could have been named as parties." *Snyder v. Advantage Health Physicians*, 281 Mich. App. 493, 500, 760 N.W.2d 834, 838 (2008). For a trier of fact to properly assess the fault of a nonparty, however, a defendant must give timely notice of its nonparty fault claim. *Id.* (citing Mich. Ct. R. 2.112(K)). This notice must generally be filed within ninety-one days after the party files its first responsive pleading. Mich. Ct. R. 2.112(K)(3)(c).

Here, Plaintiff seeks to strike Defendant's Notice of Non-Party Fault as deficiently pleaded under Michigan Court Rule 2.112(K).  Plaintiff asserts that Defendant's Notice does not comply with the Rule's requirement that "[t]he notice shall designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault."  Mich. Ct. R. 2.112(K)(3)(b).  Defendant contends that it has complied with Rule 2.112 and identified the nonparty to the best of its ability at this early stage of litigation. ECF No. 6, PageID.74.  Further, Defendant argues that its inability to name a specific nonparty at this stage does not warrant striking of its Notice because "Michigan courts allow a party to name unknown persons in a notice of nonparty fault." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 546 (E.D. Mich. 2014) (citing *Rinke v. Potrzebowski*, 254 Mich. App. 411, 414, 657 N.W.2d 169 (2002)).

Defendant is correct that it does not have to provide a name or address of a party to avoid the striking of its Notice.  Defendant is not required to "use any and all means necessary to obtain the nonparty at fault's identity as soon as possible," especially at the inception of the case.  *Sedgwick Ins.*, 47 F. Supp. 3d at 546.  However, a party must still comply with the basic principles of Rule 2.112; Defendant has not done so here.

3

In its Notice, Defendant states that "Defendant will allocate fault to the non-parties, partially or wholly, responsible for causing the alleged condition described in Plaintiff's Complaint," but that Defendant has been unable to identify the nonparty at fault at this time. ECF No. 2, PageID.22-23.  Defendant goes on to argue in its Response that, because it denies creating the allegedly negligent condition at the store, "either Plaintiff or a 'non-party' created the condition," and this is a sufficient basis for believing a nonparty is at fault under Rule 2.112.  *Id.* at PageID.76.

In personal injury cases like the instant matter, the basic purpose of a Notice of Non-Party Fault is to place a plaintiff on notice that a defendant seeks to allege that another tortfeasor is comparatively negligent for the plaintiff's injuries.  While the individual does not have to be specifically named, the cases cited by Defendant still generally gave the plaintiffs notice about the additional tortfeasors the defendants sought to identify.  *See Rinke*, 254 Mich. App. at 413, 657 N.W.2d at 171 (seeking to apportion negligence to "the unknown driver of the white van"); *see also Sedgwick Ins.*, 47 F. Supp. 3d at 544 (naming the employer and "John Doe, the plant manager" as nonparties at fault).

In both *Rinke* and *Sedgwick*, the defendants provided sufficient information to place the plaintiffs on notice about who the other nonparty tortfeasors could be.  Defendant Walmart has not done the same here; instead, Defendant makes the bare

4

assertion that, since it did not cause the injury, it must be the fault of another responsible nonparty. ECF No. 2, PageID.22. A Notice that lacks any identifying information about a phantom nonparty tortfeasor does not meet the spirit or purpose of Rule 2.112. While Defendant is not required to provide information such as a name or address, it is still required to provide *some* information that puts Plaintiff on notice of an actual, existing nonparty at fault. A failure to do so puts Plaintiff at risk of undue prejudice in the discovery and litigation process. Accordingly, Plaintiff's Motion is **GRANTED**.

### III. CONCLUSION

For the reasons discussed herein, the Court will **GRANT** Plaintiff's Motion to Strike Defendant's Notice of Non-Party Fault [#5].

The Court will allow Defendant the opportunity to cure its deficiencies and file a more definite statement within 14 days. This amended Notice will be due **no later than October 22, 2020.** If Defendant does not provide a more definite statement within the 14-day period, its Notice of Non-Party Fault will be stricken automatically.

**IT IS SO ORDERED.**

Dated: October 7, 2020

                                             s/Gershwin A. Drain  
                                             GERSHWIN A. DRAIN  
                                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 7, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager